IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                                    NO. 3:18-CR-262-K

ETHEARIUS OKIETH MOORE (1)

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Ethearius Okieth Moore's *pro se* motion seeking "early release" from custody "due to the COVID-19 Act." Mot. (ECF No. 52). Moore is an inmate in the Dallas County jail. On September 5, 2019, Moore pleaded guilty to a violation of 18 U.S.C. § 922(g)(1). The Court sentenced Moore to 28 months confinement, to run concurrently with the sentences to be imposed in several pending state felony cases. On February 27, 2020, a Dallas County judge sentenced Moore to three years confinement in his state cases. He is currently in state custody serving his sentence for his state felony convictions; he is not in federal custody.

On April 3, 2020, Moore filed his *pro se* motion for early release. He states he has been informed he has earned enough good time credits and will be paroled on his state charges. He asks the Court to release him early or allow him to serve the remainder of his federal sentence in home confinement "in light of the COVID-19 Public Health Crisis." Mot. 1. The Court should liberally construe this request as

a motion to modify his sentence under 18 U.S.C. § 3582(c) and deny the motion for failure to exhaust administrative remedies.

A district court has limited authority to modify a final criminal judgment. *Dillon v. United States*, 560 U.S. 817, 825 (2010) (holding a judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances"). Under 18 U.S.C. § 3582, a court may modify a defendant's sentence upon motion of the Director of the Bureau of Prisons (BOP) or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i).

The policy statement regarding a reduction in sentence under 18 U.S.C § 3582(c)(1)(A) sets forth several circumstances that are considered "extraordinary and compelling reasons," including "medical condition of the defendant," "age of the defendant," and "family circumstances." U.S. Sentencing Guidelines, § 1B1.13(1)(A)-(C) & cmt. n.1. There is also a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the other reasons

described. *Id*. § 1B1.13 cmt. 1. The policy statement further requires that the defendant not pose a danger to the safety of the community. *Id*. § 1B1.13(2).

In this case, Moore moves to modify his federal sentence to allow early release or release to home confinement "in light of the COVID-19 Public Health Crisis." He states "[t]his virus has made its way here to this jail," and he "really need[s] to get home to [his] children" "so [he] can be home with [his] family while this pandemic is going on." Mot. 1. But Moore has not exhausted his administrative remedies. Indeed, he cannot even engage the administrative process because he is not yet in federal custody. Therefore, Moore's request for early release or, alternatively, for release to home confinement, is premature and should be denied. *See U.S. v. Reeves*, 2020 WL 1816496 (W.D. La. Apr. 9, 2020) (finding court lacks jurisdiction to consider motion for release under § 3582(c) based on risk of contracting COVID-19 because the defendant failed to comply with the exhaustion requirements under the statute); *U.S. v. Clark*, 2020 WL 1557397 (M.D. La. Apr. 1, 2020) (holding motion for release under § 3582(c) based on risk of contracting COVID-19 not ripe for review because the defendant failed to comply with the exhaustion requirements under the statute); *U.S. v. Eberhart*, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020) (holding that court lacked authority to grant relief to defendant under § 3582(c)(1)(A)(i) in light of COVID-19 pandemic because defendant had not satisfied the exhaustion requirement); *U.S. v. Gileno*, 2020 WL 1307108 (D. Conn. Mar. 19, 2020)(denying motion to reduce prison sentence to home confinement based on increased risk of contracting COVID-19 because

defendant had failed to exhaust administrative remedies: "As a threshold matter, Mr. Gileno has not satisfied the requirement under 18 U.S.C. § 3582(c)(1)(A) to first request that the Bureau of Prisons file a motion on his behalf and then show that thirty days have passed without any BOP action.").

The Court is well aware of the COVID-19 pandemic and the risk the virus poses to inmates in detention facilities. The Court is further aware that Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement, giving priority to "the most vulnerable inmates and the most affected facilities." *See* Memorandum from Attorney General William Barr to Director of Bureau of Prisons, The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://politi.co/2UV3JBi (last visited 4/13/2020) (emphasis added). Once Moore is transferred to federal custody, the BOP will determine whether he can be released to home confinement based on the risks posed to him by the COVID-19 pandemic. But until he is transferred to federal custody and exhausts his administrative remedies under 18 U.S.C. § 3582(c)(1)(A), the Court has no authority to consider Moore's request to modify his sentence.

For the reasons stated, the Court should DENY Moore's *pro se* motion for early release for failure to exhaust administrative remedies.

4

Signed April 13, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).